Case 4:24-cv-01646   Document 15   Filed on 09/24/24 in TXSD   Page 1 of 3

United States District Court
Southern District of Texas
**ENTERED**
September 24, 2024
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| BYRON K. CHILTON, JR., | § |
| *Plaintiff,* | § § § |
| VS. | §   CIVIL ACTION NO. 4:24-cv-1646 |
| TEXAS SOUTHERN UNIVERSITY, | § § § |
| *Defendant.* | § § § |

## ORDER

Pending before this Court is Texas Southern University's ("Defendant") Motion to Dismiss. (Doc. No. 5). The motion was filed on July 1, 2024, with Byron K. Chilton, Jr.'s ("Plaintiff") response due on July 22, 2024. Plaintiff failed to respond by the deadline, and he still has not responded. Having considered the motion and the relevant pleadings, the Court **GRANTS** Defendant's Motion to Dismiss and **DISMISSES** Plaintiff's action without prejudice. (Doc. No. 5).

This Court's Local Rules state that "[f]ailure to respond to a motion will be taken as a representation of no opposition." S.D. Tex. L.R. 7.4; see also Hanen L.R. 7(D). As stated above, Plaintiff failed to respond to Defendant's motion by the July 22, 2024, deadline. Therefore, the local rules would allow the Court to grant Defendant's motion as it should be considered unopposed.

Nevertheless, the Fifth Circuit has explained that "although we have endorsed the adoption of local rules that require parties to file responses to opposed motions, we have not approved the automatic grant, upon failure to comply with such rules, of motions that are dispositive of the litigation. *See Johnson v. Pettiford*, 442 F.3d 917, 918 (5th Cir. 2006) (citing *Johnson v. Louisiana,*

757 F.2d 698, 707–09 (5th Cir. 1985); *Ramsey v. Signal Delivery Serv.*, 631 F.2d 1210, 1213–14 (5th Cir. 1980). In other words, where a party does not respond to a motion to dismiss, such failure does not permit the Court to enter a "default" dismissal. Therefore, the Court will consider the merits of the motion.

Federal courts are courts of limited jurisdiction. *Exxon Mobil Corp. v. Allapattah Servs.*, 545 U.S. 546 (2005); *People's Nat'l Bank v. Off. Of the Comptroller of the Currency of the U.S.*, 362 F.3d 333, 336 (5th Cir. 2004). Without jurisdiction conferred by statute or the Constitution, federal courts lack the power to adjudicate claims. *Exxon Mobil*, 545 U.S. at 552; *People's Nat'l Bank*, 362 F.3d at 336. A party may challenge a district court's subject matter jurisdiction by filing a motion to dismiss pursuant to Rule 12(b)(1). FED. R. CIV. P. 12(b)(1).

A federal court must consider a motion to dismiss pursuant to Rule 12(b)(1) before any other challenge because a court must have subject matter jurisdiction before determining the validity of a claim. *Moran v. Kingdom of Saudi Arabia*, 27 F.3d 169 (5th Cir. 1994). The party asserting jurisdiction bears the burden of proof that jurisdiction does in fact exist. *Ramming v. United States*, 281 F.3d 158 (5th Cir. 2001). Where the motion to dismiss is based on the complaint alone, the court must decide whether the allegations in the complaint sufficiently state a basis for subject matter jurisdiction. *Paterson v. Weinberger*, 644 F.2d 521 (5th Cir. 1981).

Here, Plaintiff's *pro se* complaint lays out the following statement of claim:

> I was given the incorrect grade based on the negative mental narrative the professor displayed at the time of enrollment. The professor was written up and monitored throughout earlier in the semester. At the time of the final grade, I was give[n] the wrong final exam grade. During the appeal period the course was deleted[,] and other grades was [sic] changed.

(Doc. No. 1 at 4). He argues that the above conduct gives rise to a federal question because "[i]t's a UTS 118 Section 8 administration fraud case," referring to Defendant's university policy. (*Id.*).

*Pro se* litigants are "entitled to liberal construction of their pleadings." *Dunbar v. Pena*, 827 F. App'x 419, 420 (5th Cir. 2020). Even so, it goes without saying that a violation of university policy alone cannot be the basis for federal-question jurisdiction. Moreover, even if a state university's policies were the equivalent to state law, a mere allegation of a violation of state law, without more, is not actionable under 42 U.S.C. § 1983. *Brown v. Sudduth*, 675 F.3d 472, 478 (5th Cir. 2012).

Therefore, this Court lacks subject-matter jurisdiction. Defendant's Motion to Dismiss is **GRANTED** and Plaintiff's case is **DISMISSED** without prejudice. All other pending motions are denied as moot.

Signed on this the 24th day of September 2024.

Andrew S. Hanen
United States District Judge