Case 4:24-cv-01646   Document 18   Filed on 06/04/25 in TXSD   Page 1 of 2

United States District Court
Southern District of Texas
**ENTERED**
June 04, 2025
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| BYRON K. CHILTON, JR., | § | |
| | § | |
| *Plaintiff*, | § | |
| VS. | § | CIVIL ACTION NO. 4:24-cv-1646 |
| | § | |
| TEXAS SOUTHERN UNIVERSITY, | § | |
| | § | |
| *Defendant*. | § | |

## ORDER

Pending before this Court is Byron K. Chilton, Jr.'s ("Plaintiff") Motion to Reinstate Case. (Doc. No. 16). Texas Southern University ("Defendant") responded in opposition. (Doc. No. 17). Plaintiff did not file a reply, and the time to do so has passed, making the motion ripe for ruling. Having considered the motion and the relevant pleadings, the Court **DENIES** the motion. (Doc. No. 16).

Plaintiff's *pro se* Complaint lays out the following statement of claim:

> I was given the incorrect grade based on the negative mental narrative the professor displayed at the time of enrollment. The professor was written up and monitored throughout earlier in the semester. At the time of the final grade, I was give[n] the wrong final exam grade. During the appeal period the course was deleted[,] and other grades was [sic] changed.

(Doc. No. 1 at 4). He contended that the above conduct gives rise to a federal question because "[i]t's a UTS 118 Section 8 administration fraud case," referring to Defendant's university policy. (*Id.*).

Defendant moved to dismiss the case for lack of subject matter jurisdiction, (Doc. No. 5), and this Court granted it, (Doc. No. 15). In that Order, the Court wrote, "it goes without saying that a violation of university policy alone cannot be the basis for federal-question jurisdiction.

Moreover, even if a state university's policies were the equivalent to state law, a mere allegation of a violation of state law, without more, is not actionable under 42 U.S.C. § 1983." (*Id.* at 3).

Now, Plaintiff seeks reinstatement of the case. (Doc. No. 16). The Motion to Reinstate Case, however, does not address any of the jurisdictional defects that the Court pointed out in its Order. Instead, it merely points out that the basis of the lawsuit is not based on *one* incorrect grade but rather *five*, and doubles down on its reliance on UTS 118 Section 8, the same university policy the Court found to be insufficient to invoke this Court's jurisdiction. Consequently, the Court concludes that it still lacks jurisdiction over this case and **DENIES** Plaintiff's Motion to Reinstate Case. (Doc. No. 16).

It is so ordered.

Signed on this the 4th day of June 2025.

Andrew S. Hanen
United States District Judge